OPINION
{¶ 1} Child-appellant Logan Fischer ("Fischer") brings these appeals from the judgments of the Court of Common Pleas of Union County, Juvenile Division, vacating its judgments granting him early release and placing him on probation.
 {¶ 2} On September 4, 2005, Fischer was committed to the Department of Youth Services ("DYS") for six months to age twenty-one after the trial court found him delinquent for committing a burglary in Union County. On September 14, 2005, Fischer was sentenced to another six month to age twenty-one term for a receiving stolen property charge in Pickaway County. The sentences were ordered to be served concurrently. On October 20, 2005, Fischer filed motions for early release in each of his cases. A hearing was held on the motions on November 28, 2005, in Union County. At the conclusion of the hearing, the trial court granted the motions for early release, placed Fischer on probation, and ordered him into the custody of West Central Juvenile Rehabilitation Center ("West"). The trial court acted under the assumption by court and counsel that West would automatically accept Fischer into its program. This assumption was incorrect.
 {¶ 3} On December 15, 2005, Fischer filed a motion to be moved to Central Ohio Youth Center ("COYC") since he was still at DYS. A second motion for a status hearing was filed by Fischer on December 21, 2005. The hearing was held on December 23, 2005. At the hearing, the trial court learned that West does not accept into its program any juvenile who has already been placed into DYS. Thus, Fischer was not eligible for the treatment programs at West. The trial court, upon Fischer's motion for a status determination, determined that the conditions upon which early release and probation were granted could not possibly be met. The trial court then vacated the judgment granting early release and placing Fischer on probation and ordered that Fischer remain in the custody of DYS. Fischer appeals from this judgment and raises the following assignments of error.
The trial court erred when it sua sponte vacated a validjudgment when there was no motion for relief from judgment beforeit.
 The trial court violated [Fischer's] constitutional right ofdue process when it vacated its prior order of early releasewithout serving notice on [Fischer].
 The trial court erred when it failed to release [Fischer]pursuant to its order of November 28, 2005.
 {¶ 4} This court notes that the original judgment entry granting early release and placing Fischer on probation were contingent upon Fischer's successful completion of the West program. Unfortunately, the trial court and the parties were mistaken as to the admission policy of West. The trial court and the parties all acted under the mistaken belief that West would accept all juveniles. Later, the trial court and the parties discovered that West will not accept for treatment any child who has previously been committed to DYS. This mistake in fact made the contingencies upon which early release was granted impossible to fulfill. When there is a specific misunderstanding and mistake of law by court and counsel as to whether the terms of the release can be fulfilled, the judgment is void. State v. Cook,
3rd Dist. No. 12-01-15, 2002-Ohio-2846. Although the mistake in this case is one of fact, the premise behind the judgment inCook still applies. A judgment utterly impossible of execution is a legal nullity and is void. Here, the grant of probation was conditioned upon entry into West's program. West's admission policy made Fischer's admission impossible. Thus, the November 28, 2005, judgment could not be executed and was thus void. Since the November 28, 2005, judgment was void, the trial court did not err in vacating it sua sponte. The first assignment of error is overruled.
 {¶ 5} Second, Fischer claims that the trial court erred in not giving him notice of the hearing. The hearing on this matter was held pursuant to motions by Fischer for a review of the motions and status of his detention. Fischer received notice of this hearing. Thus, his constitutional rights were not violated. The second assignment of error is overruled.
 {¶ 6} Finally, Fischer claims that the trial court erred in not releasing him pursuant to the November 28, 2005, order. This court has found that the November 28, 2005, judgment was void. Thus, the trial court did not err by refusing to release Fischer in accord with that order after the trial court vacated the judgment. The third assignment of error is overruled.
 {¶ 7} The judgments of the Court of Common Pleas of Union County, Juvenile Division are affirmed.
Judgments Affirmed.
Shaw and Cupp, JJ., concur.